### BYROM *et al.*, trustees, *v.* RILEY *et al.*

HILL, J. 1. " A writing which upon its face professes to pass title to realty, but which does not do so, either from a want of title in the person making it, or from a defect in the conveyance, but which defines the property purported to be conveyed, is sufficient to constitute color of title. *Street* v. *Collier*, 118 *Ga.* 470 (45 S. E. 294)." *Turner* v. *Neisler*, 141 *Ga.* 27 (6) (80 S. E. 461); *Beverly* v. *Burke*, 9 *Ga.* 440 (2), 443 (54 Am. D. 351).

2. Adverse possession of land, under written evidence of title, for seven years will give a title by prescription. Civil Code (1910), § 4169.

3. The evidence authorized, if it did not demand, the verdict returned in favor of the defendants.

4. The charges of the court complained of, and the rulings on the admissibility of evidence, do not require a reversal.

*Judgment affirmed. All the Justices concur.*

No. 3044. NOVEMBER 25, 1922.

Complaint for land. Before Judge Irwin. Douglas superior court. September 13, 1921.

G. B. Byrom et al., as trustees of the Methodist Protestant Church Colored, at Douglasville, brought suit against Ed. Riley and J. S. Abercrombie, to recover a certain lot of land in the town of Douglasville. The defendant Riley filed no defense; but Abercrombie filed an answer averring that he purchased the land, of which he was in possession, from one Green Barnwell, who was a trustee of the above-named church at the time, and that he paid him the sum of $100 for 50x200 feet of land off the east side of the lot which was described. Abercrombie built a house upon the land worth about $300, and remained in adverse possession of it for more than seven years from the execution of the deed to him. The jury returned a verdict for the defendants. The plaintiffs made a motion for new trial, which was overruled, and they excepted.

*D. S. Strickland* and *J. S. James,* for plaintiffs.

*J. R. Hutcheson,* for defendants.

---

### SUPREME LODGE OF THE MASONS' ANNUITY *v.* McCLELLAND *et al.*

This case came before this court upon a writ of error from the superior court of Fulton County; and the question being as to whether the court erred in appointing a receiver, and being for decision by a full bench of six Justices, who are equally divided in opinion, Fish, C. J., Beck,

P. J., and Hines, J., being of the opinion that the court erred, and Atkinson, Hill, and Gilbert, JJ., being of the contrary opinion, the judgment of the court below stands affirmed by operation of law.

No. 3103. NOVEMBER 25, 1922.

Receivership, etc. Before Judge George L. Bell. Fulton superior court. February 4, 1922.

*Little, Powell, Smith & Goldstein,* for plaintiff in error.

*Reuben R. & Lowry Arnold, John S. & Ralph McClelland, A. H. Davis,* and *John F. Methvin,* contra.

---

## JACKSON, guardian, *v.* MATHIS *et al.*

BECK, P. J. 1. Under the rulings made in this case when it was here before (*Mathis* v. *Crowley,* 146 *Ga.* 749, 92 S. E. 213; 149 *Ga.* 396, 100 S. E. 379), (where the essential facts of the case were stated), the court did not err in sustaining a general demurrer to the petition as amended.

2. The amendment filed by the petitioner after the decision last above referred to was rendered, and before the judgment of this court was made the judgment of the court below, did not add any new material facts which would take the case out of the rulings made when the case was here on the last occasion for review and decision.

*Judgment affirmed. All the Justices concur.*

ATKINSON, and GILBERT, JJ., concurring specially, adhere to the dissent formerly made, but concur in the ruling now made that the former decision is the law of the case.

No. 3056. OCTOBER 10, 1922. REHEARING DENIED DECEMBER 15, 1922.

Equitable petition. Before Judge Dickerson. Cook superior court. December 20, 1921.

*R. A. Hendricks,* for plaintiff in error.

*E. K. Wilcox* and *J. J. Murray,* contra.

---

## ALLEN *v.* ALLEN.

1. A dispossessory warrant will not lie unless the relation of landlord and tenant exists.

2. A judgment in a former suit concludes the parties or privies as to all matters put in issue, or which, under the rules of law, might have been put in issue in the former suit.

3. A judgment of a court of competent jurisdiction is conclusive between the parties as to the facts it decides, until set aside.